## THE STATE v. EDMISTON, Appellant.

### Division Two, February 26, 1901.

**Bigamy:** INDICTMENT: PROOF: INSTRUCTIONS: HARMLESS ERROR. Section 3140, Revised Statutes 1899, provides that the record books of marriages, and certified copies thereof, shall be evidence in all courts. Defendant was indicted for marrying a second wife when he had a wife living by the name of Sarah Edmiston, and a certified copy of a marriage between defendant and Sarah Edmiston was read in evidence, and undisputed. The court charged that, if the jury believe that the defendant married Rosa Buchanan when he had a wife living at the time, they should find defendant guilty. *Held,* that the error in the charge, in that it did not require the jury to find that the name of defendant's first wife was Sarah Edmiston, was rendered harmless by the undisputed proof of that fact.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Robert Tyree* and *W. J. Orr* for appellant.

The instruction is erroneous in that it allows the jury to convict if they find that defendant was at the time he married

Rosa Buchanan, a married man and had a living wife, without requiring any proof as to who that living wife was, whether the "Sarah" named in the indictment or some other woman. This is prejudicial in view of the testimony of J. T. Wallace, who, over defendant's objection, was permitted to state that defendant married his daughter, and the frequent reference in his testimony as to his daughter being defendant's wife. The propositions here contended for are so elementary that we have deemed it unnecessary to do more than call the court's attention to them.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

Defendant objected to the introduction of the certified copies of the record showing issuance of the marriage licenses, together with the return of the minister thereon. The only objection to this evidence was that it was not the best evidence. The court did not commit error in permitting the evidence to be introduced. Rogers v. Morton, 61 Mo. App. 444; Childers v. Cutter, 16 Mo. 24; Wilcoxson v. Dorr, 139 Mo. 664. That the certified copy of the marriage license issued to defendant in Vernon county was competent evidence can not be seriously questioned. The marriage license was issued, executed and the officiating minister's return made thereon, and all properly recorded and filed in the recorder's office of Vernon county. The original could not be taken from the office. Indeed, necessity calls for the introduction of certified copies in cases of this character. Defendant can, in no wise, complain. The certified copy of the first marriage license and the return of the officiating minister show beyond question that defendant's first wife was "Sarah."

SHERWOOD, P. J.—Bigamy the charge; conviction the result; punishment two years in the penitentiary, the verdict, sentence and judgment. The indictment charged the name of the first wife to be Sarah Edmiston, and is bottomed on section 2167, Revised Statutes 1899.

Section 3140, Revised Statutes 1899, provides that: "The record books of marriages to be kept by the respective recorders, in pursuance of the provisions of law, and copies thereof, certified by the recorder under his official seal, shall be evidence in all courts."

This section authorized a certified copy of the marriage of defendant to Sarah Wallace, in Vernon county, Missouri, to be read in evidence, and such certified copy of the license and marriage certificate, established the fact that the name of the first wife was "Sarah Edmiston."

The court instructed the jury: "If you believe and find from all the facts and circumstances in evidence beyond a reasonable doubt that the defendant, in Howell county, Missouri, on or about the second day of June, 1900, did marry Rosa Buchanan, when he, the defendant, was a married man and having a wife living at the time, then you should find the defendant guilty and assess his punishment at imprisonment in the penitentiary not less than two nor more than five years, or in the county jail not less than six months, or by a fine of not less than $500, or by both a fine of not less than one hundred dollars, and imprisonment in the county jail not less than three months."

Objection is taken to this instruction because it does not require the jury to find that the first wife's name was Sarah Edmiston.

It is doubtless true that the name Sarah Edmiston having been alleged in the indictment became descriptive of the offense, and so it was necessary to prove it as laid. [Whart.

Proc. 985-999; 2 Whart. Crim. Law (10 Ed.) sec. 14, and cas. cit.; 1 Bishop New Crim. Proc., sec 485, and cas. cit.; Bishop Stat. Crim. (2 Ed.), secs. 598, 600, 601, 602.]

But this proof was furnished by the recorded certificate of marriage as above set forth. There was no opposing evidence on this point, and the error in the instruction was rendered harmless, and became non-reversible error. Therefore, judgment affirmed. All concur.